UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SHONA MARION, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| COLORADO TECHNICAL UNIVERSITY, INC., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, SHONA MARION, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action is also brought under Nevada Revised Statutes Chapter 598.0918 ("NRS 598") and Nevada Revised Statutes Chapter 41.600 *et seq.* ("NRS 41.600") for Defendant's deceptive trade practices as further described herein.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6. The Plaintiff, SHONA MARION ("Plaintiff" or "Mrs. Marion"), is an adult individual residing in Las Vegas, Nevada.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant COLORADO TECHNICAL UNIVERSITY, INC. ("COLORADO TECH"), is doing business in the State of Nevada.

9. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

10. COLORADO TECH at all times acted by and through one or more of its agents or representatives.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. In 1991, Congress enacted the TCPA in response to a growing number

of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

14. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

15. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor,

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

17.     On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id.* at ¶ 30.

18.     Further, consumers (like the Plaintiff) may revoke consent through any reasonable means. *Id.* at ¶ 47.

19.     Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id.* at ¶ 58.

20.     Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id.* at ¶ 61.

21.     Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id.* at ¶ 64.

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

22. Within the four years prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant from the following phone number: (702) 906-0984.

23. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

24. Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "5044" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. On or about August 25, 2015, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

26. Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

27. However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA on at least the following dates and times:

```
08/25/2015 09:13:32 AM
08/25/2015 02:25:56 PM
08/25/2015 06:04:52 PM
08/26/2015 08:23:05 AM
08/26/2015 08:23:14 AM
08/26/2015 08:55:50 AM
08/26/2015 10:09:46 AM
08/26/2015 12:05:48 PM
08/26/2015 03:21:31 PM
08/26/2015 03:21:33 PM
02/05/2016 08:08:34 AM
02/05/2016 08:38:21 AM
02/06/2016 08:05:25 AM
02/06/2016 09:17:20 AM
02/06/2016 11:20:43 AM
02/06/2016 11:42:53 AM
02/08/2016 11:39:22 AM
02/08/2016 05:46:10 PM
02/10/2016 08:08:25 AM
02/10/2016 08:58:33 AM
02/10/2016 10:08:46 AM
02/10/2016 10:30:37 AM
02/10/2016 11:17:21 AM
02/10/2016 02:10:00 PM
02/11/2016 08:19:15 AM
02/11/2016 08:41:39 AM
02/11/2016 10:26:42 AM
02/11/2016 02:24:52 PM
02/11/2016 02:46:13 PM
02/11/2016 03:03:44 PM
02/11/2016 03:32:57 PM
02/17/2016 02:32:44 PM
02/23/2016 09:19:44 AM
```

28. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

31. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

34. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

35. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

…

…

…

…

## COUNT II

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

39. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

40. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Defendant's Violations of Nevada's
### Deceptive Trade Practices Act
### (NRS 598.0918)

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43.  On numerous occasions Defendant violated NRS 598.0918(3) by placing calls to Plaintiff's telephone before 9:00 a.m. and after 8:00 p.m. Specifically, Defendant placed calls to Plaintiff's cell phone before 9:00 a.m. and after 8:00 p.m. on (at least) the following dates and times:

```
08/26/2015 08:23:05 AM
08/26/2015 08:23:14 AM
08/26/2015 08:55:50 AM
02/05/2016 08:08:34 AM
02/05/2016 08:38:21 AM
02/06/2016 08:05:25 AM
02/10/2016 08:08:25 AM
02/10/2016 08:58:33 AM
02/11/2016 08:19:15 AM
02/11/2016 08:41:39 AM
```

44.  Defendant repeatedly and continuously placed telephone calls to the Plaintiff to solicit money from the Plaintiff in a manner that would be considered annoying, abusive or harassing by a reasonable person.

45.  Specifically, Defendant placed calls to Plaintiff's cell phone even after the Plaintiff demanded Defendant cease calls to the Plaintiff. Such conduct is unquestionably harassing and annoying.

46.  As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal phone calls. Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time and minutes from cell phone use,

for which the Plaintiff is charged a fee.

47. Defendant therefore violated NRS 598.0918(2).

48. Defendant's violations of NRS 598.0918 constitute violations of NRS 41.600 and the Plaintiff is entitled to relief under NRS 41.600.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant awarding the Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent violations of NRS 598.0918 as permitted under NRS 41.600;

5. An award of attorney's fees and costs to counsel for Plaintiff; and

…

…

6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 11, 2016

                          Respectfully submitted,

                          By: <u>/s/ David H. Krieger, Esq.</u>
                          David H. Krieger, Esq.
                          Nevada Bar No. 9086
                          HAINES & KRIEGER, LLC
                          8985 S. Eastern Avenue, Suite 350
                          Henderson, Nevada 89123
                          Phone: (702) 880-5554
                          FAX: (702) 385-5518
                          Email: dkrieger@hainesandkrieger.com

                          Attorney for Plaintiff
                          *SHONA MARION*